UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                      CASE NUMBER: 4:22-cr-30002

JIAVIDAE DEQUARIE WATSON,

    *Defendant.*
_____/

**ORDER REMANDING DEFENDANT TO CUSTODY**

On March 17, 2023, the Government filed a motion to revoke the bond of Defendant Jiavidae Watson pursuant to 18 U.S.C. § 3148(b). The court conducted a hearing on March 20, 2023, during which it revoked Mr. Watson's bond and remanded him into custody.

Under 18 U.S.C. § 3142(c)(3) the court "may at any time amend the order to impose additional or different conditions of release." A bond hearing may be conducted or reopened at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. Further, pursuant to 18 U.S.C. § 3148, the court "shall enter an order of revocation and detention if, after a hearing, the

judicial officer . . .finds that there is . . .probable cause to believe that the person has committed a Federal, State, or local crime while on release." 18 U.S.C. § 3148(b)(1)(A).

Based on the information presented by the Government, the court found probable cause existed to believe that Mr. Watson committed at least one local crime while on pretrial release: Retail Fraud, theft; 141.02 A(1) or Resisting or Obstructing Arrest or Service of Process; 148.01. The phrase "safety of the community" as used in § 3148 refers not only to the mere danger of physical violence but also to the danger that a defendant might engage in criminal activity to the community's detriment. See S. Rep. 98-225, at 9 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3195 (" The language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence."); *see also United States v. Wilson*, 820 F. Supp. 1031, 1034 (N.D. Tex. 1993) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

The Government proffered evidence establishing Mr. Watson's lengthy history of arrests for fraud-related offenses and pending arrest warrants related to failures to appear. Indeed, the evidence suggested that while under conditions of release, Mr. Watson was arrested for allegedly shoplifting $1,240 in merchandise

2

from Home Depot. As officers sought to arrest Mr. Watson he fled on foot. Mr. Watson is a suspect in other shoplifting instances at other Home Depot locations. Mr. Watson has further failed to abide by his conditions of release by failing to resolve his outstanding warrants from past cases. And Mr. Watson has failed to seek employment. Such evidence demonstrates that Mr. Watson is unlikely to abide by any condition or combinations of release, and that by a preponderance of the evidence that there is a condition or combination of conditions which will reasonably assure his appearance. Accordingly, for the stated reasons and on the record,

**IT IS ORDERED** that Defendant Jiavidae Dequarie Watson is **REMANDED** to the custody of the United States Marshal until further order of the court. It is further **ORDERED** that Defendant Jiavidae Dequarie Watson be transported to the District of North Dakota for his proceedings currently scheduled to commence on April 5, 2023.

Done, on this 20th day of March, 2023.

s/Curtis Ivy, Jr.<br>
Curtis Ivy, Jr.<br>
United States Magistrate Judge